<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| J.F., | : | **Civil Action No. 20-8303 (SRC)** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff J.F. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

      In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning August 3, 2015. A hearing was held before ALJ Richard West (the "ALJ") on November 23, 2018, and the ALJ issued an unfavorable decision on February 1, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of February 1, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity allowed Plaintiff to perform her past relevant work. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded based on three arguments, but this Court need only reach the argument that succeeds: at step four, the ALJ erred in rejecting the opinion of the treating physician.

At step four, the ALJ mentioned treating physician Dr. Jafri at a few points. First, the ALJ described the records of Dr. Jafri's treatment of Plaintiff's lower back pain in 2016. (Tr. 22-23.) Later, the ALJ described the records of Dr. Jafri's treatment of Plaintiff's lower back pain, as well as leg and thigh pain, in 2017 and 2018. (Tr. 23-24.) Then, the ALJ described and weighed an opinion submitted in 2018 by Dr. Jafri. (Tr. 24.) Here quoted in its entirety, the ALJ wrote:

> Dr. Jafri completed a Medical Source Statement in October 2018. He assessed that the claimant would often experience marked interference with concentration and performance from pain. She would require frequent unscheduled breaks to rest. In an 8 hour workday, she can sit for less than 2 hours and stand/walk for less than 2 hours. Pushing and pulling would be affected. (Exhibit 17F). Little weight is given to this opinion, as it is inconsistent with the medical records, including his own office notes showing full ranges of motion in all musculoskeletal areas.

(Tr. 24.)

Plaintiff argues that the ALJ's rejection of the treating physician's opinion was contrary to Third Circuit law, as stated in cases such as Brownawell and Morales. This Court agrees, but

there is also a problem under <u>Burnett</u>, because the ALJ provided so little explanation of his reasoning, only one sentence that gives little information and does not meet Third Circuit requirements for a sufficient explanation. An ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation of the decision to reject Dr. Jafri's opinion to permit meaningful review. The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to <u>Burnett v. Commissioner of SSA</u>, 220 F.3d 112, 119 (3d Cir. 2000). The ALJ's brief, summary statement about inconsistency with medical records is not substantially more informative than the conclusory statements found to be insufficient by the Third Circuit in <u>Burnett</u>: "We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review." <u>Id.</u> at 119. The failure to satisfy the requirements of <u>Burnett</u> by itself requires that the Commissioner's decision be vacated and remanded.

As Plaintiff argues, the single sentence of explanation given by the ALJ for the rejection of Dr. Jafri's opinion also violates Third Circuit law, pursuant to such cases as <u>Morales</u> and <u>Brownawell</u>. In <u>Morales</u>, the Third Circuit held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only

3

>  on the basis of contradictory medical evidence and not due to his or her own
>  credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).  See also Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 357 (3d Cir. 2008) ("We have consistently held that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician.")

The single sentence about the rejection of Dr. Jafri's opinion explains that the ALJ gave the treating physician's opinion little weight because it is "inconsistent with the medical records." (Tr. 24.) Using the language of Morales, this appears to be "speculative inference[] from medical reports" or "lay opinion." 225 F.3d at 317. It does not appear to be the kind of contradictory medical evidence that the Third Circuit requires as the basis for rejecting a treating physician opinion. Instead, the ALJ's reasoning appears reminiscent of the facts of Brownawell:

>  The ALJ's rejection of [consultative examiner] Dr. Picciotto's opinion that
>  Brownawell has no ability to deal with work stresses and maintain concentration
>  in a work environment was improperly based on an alleged inconsistency between
>  Picciotto's treatment notes and his ultimate evaluation. [Agency reviewer] Dr.
>  Rightmyer's assessment, which was the only one adopted unreservedly by the
>  ALJ, should not have carried such great weight, especially when compared to the
>  opinion of Dr. Grem, Brownawell's longtime treating physician.

554 F.3d at 357. In the instant case, similarly, the ALJ rejected a physician opinion based on an alleged inconsistency between the treatment notes and the opinion. Also, similarly, the ALJ gave great weight to the agency reviewer's assessment in this case.

The Commissioner's opposition brief does not address Morales or Brownawell.

This Court concludes that the Commissioner's decision must be vacated and remanded on two grounds: 1) the step four determination lacks sufficient explanation and is not amenable to

4

meaningful review; and 2) to the extent that the rejection of Dr. Jafri's opinion is explained, it is contrary to the requirements of Third Circuit law.   It is for these reasons that this Court vacates and remands the Commissioner's decision.

In addition, the Court makes the following observations.   The ALJ's discussion at step four appears to contain no analysis or synthesis of the medical evidence.   The ALJ described in detail the evidence which shows, broadly, that, during the period from 2015 to 2018, Plaintiff repeatedly consulted with physicians for the treatment of neck, back, and other orthopedic pain. The evidence of record documents the history of orthopedic pain and treatment, as well as objective findings on multiple MRI exams, but the ALJ does not squarely address the question of the manner and extent to which Plaintiff's documented orthopedic pain affects her residual functional capacity.   Nor does the discussion explain the basis for the determination that Plaintiff retains the residual functional capacity to perform sedentary work.

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                                                     s/ Stanley R. Chesler
                                                              STANLEY R. CHESLER, U.S.D.J.

Dated:   February 25, 2022