**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.F., | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 20-8303 (SRC)** |
| COMMISSIONER OF SOCIAL SECURITY | : **OPINION & ORDER** |
| Defendant. | : |

**CHESLER,** District Judge

This matter comes before the Court on the motion for attorney's fees, pursuant to 42 U.S.C. § 406(b), by counsel to Plaintiff J.F. Although the Commissioner responded to the motion, it appears to be only clarifying, not opposing. For the reasons stated below, the motion will be granted.

At the start of the representation, Plaintiff and Counsel entered into an agreement for Counsel to represent Plaintiff in the federal Social Security appeal process. The agreement provided for a contingent fee arrangement, with Plaintiff agreeing that Counsel was entitled to 25% of retroactive benefits awarded. Counsel represented Plaintiff through numerous steps and levels of the appeal process. Plaintiff ultimately prevailed and, on August 8, 2025, the Social Security Administration wrote to Counsel to inform him that the Commissioner had withheld $59,443.18, amounting to 25% of the past-due benefits awarded to Plaintiff, "in anticipation of

1

direct payment of authorized representative's fees." (Ex. A at 1.) The letter advised Counsel to petition the District Court for an award of those fees. Counsel does so in this motion.

Plaintiff was authorized retroactive benefits. The Commissioner's letter stated that $59,443.18 was withheld from the benefits awarded to Plaintiff for attorney fees, and that this amount was 25% of the past-due benefits awarded. Counsel now asks this Court to authorize payment of the amount of $59,443.18 in fees, which represents the 25% to which he is contractually entitled. Counsel contends that the requested fee is fair and reasonable given that Plaintiff recouped wrongfully denied past-due benefits, and the number of hours spent pursuing Plaintiff's federal court case (approximately 38.5 hours).

The statute, 42 U.S.C. § 406(b)(1)(A), states:

> Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statute requires that the fee must be reasonable. Plaintiff and her counsel entered into a contingent fee agreement, under which counsel is entitled to a fee of 25 percent of the past due benefits awarded to Plaintiff. Because this is within the statutory maximum allowed by § 406(b), and Plaintiff's counsel seeks the 25% rate to which he is contractually entitled, and taking into account the highly successful result obtained for Plaintiff, the amount of time spent on the case, counsel's experience and normal hourly rate, and the risk inherent in taking cases on contingency, the Court concludes that the requested fee is reasonable. Plaintiff's attorney was previously awarded $7,000.00 in EAJA attorney fees. Counsel has requested that, rather than refunding the previously-received EAJA fees to the Commissioner, the Court reduce the current

fee award to take out the $7,000.00 that Counsel would have otherwise refunded. The Commissioner, in response to this request, stated that the Commissioner neither supports nor opposes Counsel's request for this particular payment arrangement. Because the Commissioner has not opposed the request, it will be granted. The Court awards Counsel attorneys' fees in the amount of $59,443.18, from which the previously-paid $7,000.00 is subtracted, so that the net payment amount due to Counsel is $52,443.18. Because the previously-paid EAJA fee award is, in effect, being refunded through the operation of the present Order, which reduces the amount awarded to Counsel by $7,000.00, Counsel is not obliged to further refund the $7,000.00 to the Commissioner. Rather, that amount has been subtracted from the payment amount, resulting in a net payment to Counsel of $52,443.18.

For these reasons,

**IT IS ON THIS** 2nd DAY OF October, 2025

**ORDERED** that Plaintiff's motion for attorney's fees (Docket Entry No. 21) is **GRANTED**; and it is further

**ORDERED** that the Court authorizes a payment to Samuel Fishman, Esquire, in the amount of $52,443.18 in net attorney's fees which have been withheld from Plaintiff's past-due benefits for court-related services.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.